F. MAURICE GRIESHEIMER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18709. Promulgated September 1, 1927.

The 25 per cent reduction provided by sections 1200 and 1201 of the Revenue Act of 1924 is applicable to the tax payable in 1924 shown on returns for 1923 and does not apply to the 1924 tax payable in 1925, in the instance of an individual partner whose 1924 taxable income is made up in part of a share of partnership income for a fiscal year beginning in 1923.

*Kendall B. Castle, Esq.,* for the petitioner.
*W. F. Gibbs, Esq.,* for the respondent.

This is an appeal from the determination of a deficiency in income taxes for the year 1924, in the amount of $145.06 and an overassessment for the year 1923 of $33.89. The only issue involved is whether or not the 25 per cent reduction provided by sections 1200 and 1201 of the Revenue Act of 1924 is applicable to such portion of petitioner's income returned for the calendar year 1924, as came from the proportionate 1923 earnings of a partnership which kept its books on a fiscal year basis. The case is submitted upon agreed facts.

### FINDINGS OF FACT.

The taxpayer is an individual, residing at Rochester, N. Y., and was such a resident during the entire year 1924. He was a member of the partnership of L. Griesheimer, Steefel & Co., also of Rochester, N. Y.

The taxpayer's return for 1924 was filed on the basis of a calendar year. The partnership kept its books on the basis of a fiscal year ended January 31 of each year. The taxpayer, in his return for the calendar year 1924, included therein his share of the partnership profits covering its fiscal year ended January 31, 1924. Eleven-twelfths of these profits were taxed at 1923 income-tax rates and one-twelfth at 1924 rates. The Commissioner computed the tax by applying the 1923 rates to the eleven months' earnings attributable to 1923 without making an allowance of 25 per cent under sections 1200 and 1201 of the Revenue Act of 1924.

### OPINION.

VAN FOSSAN: It not appearing that the overassessment arose upon the denial of a claim in abatement of an additional assessment, the Board has no jurisdiction of the appeal as to 1923. See *Cornelius Cotton Mills,* 4 B. T. A. 255.

The decision of the question as to 1924 involved in this proceeding is governed by the Board's decisions in *Appeal of Charles Colip*, 5 B. T. A. 123, and *Walter A. De Camp* v. *Commissioner*, 6 B. T. A. 897.

Reviewed by the Board.

> *Judgment will be entered dismissing as to 1923, and for the respondent as to 1924.*